POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEI-TING KANG, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| PAYPAL HOLDINGS, INC., DANIEL H. SCHULMAN, and JOHN D. RAINEY, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Huei-Ting Kang ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding PayPal Holdings, Inc. ("PayPal" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired PayPal securities between February 9, 2017 and July 28, 2021, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     PayPal operates as a technology platform and digital payments company that enables digital and mobile payments on behalf of consumers and merchants worldwide.  The Company's services include, among others, PayPal Credit and certain debit card services.  PayPal Credit is an open end (revolving) credit card account that provides a reusable credit line built into a consumer's account with PayPal.

3.     In 2015, PayPal settled regulatory claims with the Consumer Financial Protection Bureau ("CFPB") arising from certain of its business practices related to PayPal Credit between 2011 and 2015.  Following this incident, the Company repeatedly asserted that it was remediating issues with its PayPal Credit business practices in accordance with its 2015 settlement with the CFPB.

4.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) PayPal had deficient disclosure controls and procedures; (ii) as a result, PayPal's business practices with respect to PayPal Credit remained non-compliant with applicable laws and/or regulations; (iii) PayPal's practices regarding payment of interchange rates related to its debit cards were likewise

2

non-compliant with applicable laws and/or regulations; (iv) accordingly, PayPal's revenues derived from its PayPal Credit and debit card practices were in part the subject of improper conduct and thus unsustainable; (v) all the foregoing subjected the Company to an increased risk of regulatory investigation and enforcement; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

5.     On July 29, 2021, PayPal filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the second quarter of 2021.  In its quarterly report, PayPal disclosed investigations by the SEC and the CFPB.  Specifically, PayPal disclosed receipt of a Civil Investigative Demand ("CID") from the CFPB related "to the marketing and use of PayPal Credit in connection with certain merchants that provide educational services"; and that the Company has "responded to subpoenas and requests for information received from the [SEC] relating to whether the interchange rates paid to the bank that issues debit cards bearing our licensed brands were consistent with Regulation II of the Board of Governors of the Federal Reserve System, and to the reporting of marketing fees earned from the Company's branded card program."

6.     On this news, PayPal's stock price fell $18.81 per share, or 6.23%, to close at $283.17 per share on July 29, 2021.

7.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

10.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  PayPal is headquartered in this Judicial District, Defendants conduct business in this Judicial District, and a significant portion of Defendants' actions took place within this Judicial District.

11.    In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

12.    Plaintiff, as set forth in the attached Certification, acquired PayPal securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13.    Defendant PayPal is a Delaware corporation with principal executive offices located at 2211 North First Street, San Jose, California 95131.  The Company's common stock trades in an efficient market on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "PYPL."

14.    Defendant Daniel H. Schulman ("Schulman") has served as PayPal's President, Chief Executive Officer, and a Director of the Company at all relevant times.

15.    Defendant John D. Rainey ("Rainey") has served as PayPal's Chief Financial Officer at all relevant times.  Rainey also serves as the Company's Executive Vice President of Global Customer Operations.

4

16.     Defendants Schulman and Rainey are sometimes referred to herein as the "Individual Defendants."

17.     The Individual Defendants possessed the power and authority to control the contents of PayPal's SEC filings, press releases, and other market communications.   The Individual Defendants were provided with copies of PayPal's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.   Because of their positions with PayPal, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.   The Individual Defendants are liable for the false statements and omissions pleaded herein.

18.     PayPal and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

19.     PayPal operates as a technology platform and digital payments company that enables digital and mobile payments on behalf of consumers and merchants worldwide.   The Company's services include, among others, PayPal Credit and certain debit card services.   PayPal Credit is an open end (revolving) credit card account that provides a reusable credit line built into a consumer's account with PayPal.

20.     PayPal earns revenue primarily by processing customer transactions on its so-called "Payments Platform" and from other value-added services.   Accordingly, the Company's revenues are classified into two categories—(i) transaction revenues, and (ii) revenues from other value-

added services.  Transaction revenues include net fees charged to merchants and consumers on a transaction basis primarily based on the volume of activity, or Total Payments Volume, completed on the Company's Payments Platform, which itself is comprised of various services, including PayPal Credit.  Revenues from other value-added services, on the other hand, include net revenues derived primarily from revenue earned through partnerships, referral fees, subscription fees, gateway fees, and other services PayPal provides to its merchants and consumers, including revenues from interest and fees earned on the Company's PayPal Credit loans receivable portfolio, and interest earned on certain assets underlying customer balances.

21.   In May 2015, PayPal entered into a Stipulated Final Judgment and Consent Order (the "Consent Order") with the CFPB, settling regulatory claims arising from PayPal Credit practices between 2011 and 2015.  The Consent Order obligated PayPal to pay $15 million in redress to consumers and a $10 million civil monetary penalty.  The Consent Order also required PayPal to make various changes to PayPal Credit disclosures and related business practices.  Following this incident, the Company repeatedly asserted that it was remediating issues with its PayPal Credit business practices in accordance with the Consent Order.

**Materially False and Misleading Statements Issued During the Class Period**

22.   The Class Period begins on February 9, 2017, the day after PayPal filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2016 (the "2016 10-K").  The 2016 10-K reported transaction revenues of $9.49 billion and revenues from other value-added services of $1.352 billion for total net revenues of $10.842 billion for 2016.

23.   With respect to PayPal's disclosure controls and procedures, the 2016 10-K represented that, "[b]ased on the evaluation of our disclosure controls and procedures (as defined in the Rules 13a-15(e) and 15d-15(e) under the [Exchange Act]), [the Individual Defendants] have

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

concluded that as of December 31, 2016, the end of the period covered by this report, our disclosure controls and procedures were effective."

24.    Additionally, the 2016 10-K purported to advise investors of PayPal's regulatory obligations and attendant risks, while simultaneously assuring investors of PayPal's "compliant solutions" to addressing those risks.  Specifically, the 2016 10-K stated, in relevant part:

> We operate globally and in a rapidly evolving regulatory environment characterized by a heightened regulatory focus on all aspects of the payments industry. That focus continues to become even more heightened as regulators on a global basis focus on such important issues as [*inter alia*] . . . consumer protection . . . . Non-compliance with laws and regulations, increased penalties and enforcement actions related to non-compliance, changes in laws and regulations or their interpretation, and the enactment of new laws and regulations applicable to us could have a material adverse impact on our business, results of operations and financial condition. ***Therefore, we monitor these areas closely to design compliant solutions for our customers who depend on us.***

(Emphasis added.)

25.    With specific respect to PayPal's remediation efforts following the Company's 2015 Consent Order with the CFPB, the 2016 10-K stated, in relevant part, that "[w]e continue to cooperate and engage with the CFPB and work to ensure compliance with the Consent Order," which "required PayPal to make various changes to PayPal Credit disclosures and related business practices."

26.    The 2016 10-K also downplayed regulations and related issues regarding PayPal's interchange rates, particularly as they related to U.S. debit card practices.  For example, the 2016 10-K advised, *inter alia*, that "in some jurisdictions, governments have required Visa and MasterCard"—companies with which the Company has strategic partnerships—"to reduce interchange fees, or have opened investigations as to whether Visa's or MasterCard's interchange fees and practices violate antitrust law"; that, "[i]n the U.S., the Federal Reserve Board issued a final rule capping debit card interchange fees at significantly lower rates than Visa or MasterCard previously charged"; and that "[w]e and our payment card processors have implemented specific

business processes for merchants to comply with payment card network operating rules for providing services to merchants."

27.     Appended as exhibits to the 2016 10-K were signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), wherein the Individual Defendants certified that the 2016 10-K "fully complies with the requirements of Section 13(a) or Section 15(d) of the [Exchange Act], as amended[,]" and that "[t]he information contained in such report fairly presents, in all material respects, the financial condition and results of operations of PayPal[.]"

28.     On February 7, 2018, PayPal filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2017 (the "2017 10-K").  The 2017 10-K reported transaction revenues of $11.402 billion and revenues from other value-added services of $1.692 billion for total net revenues of $13.094 billion for 2017.

29.     Additionally, the 2017 10-K contained substantively the same statements as referenced in ¶¶ 23-26, *supra*, asserting the effectiveness of PayPal's disclosure controls and procedures; purporting to advise investors on PayPal's regulatory obligations, attendant risks, and "compliant solutions" to addressing those risks; describing PayPal's remediation efforts following its 2015 Consent Order with the CFPB for its PayPal Credit practices; and downplaying regulations and related issues regarding PayPal's interchange rates.

30.     Appended as exhibits to the 2017 10-K were substantively the same SOX certifications as referenced in ¶ 27, *supra*, signed by the Individual Defendants.

31.     On February 7, 2019, PayPal filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2018 (the "2018 10-K").  The 2018 10-K reported transaction revenues of $13.709 billion and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

revenues from other value-added services of $1.742 billion for total net revenues of $15.451 billion for 2018.

32.     Additionally, the 2018 10-K contained substantively the same statements as referenced in ¶¶ 23-26, *supra*, asserting the effectiveness of PayPal's disclosure controls and procedures; purporting to advise investors on PayPal's regulatory obligations, attendant risks, and "compliant solutions" to addressing those risks; describing PayPal's remediation efforts following its 2015 Consent Order with the CFPB for its PayPal Credit practices; and downplaying regulations and related issues regarding PayPal's interchange rates.

33.     Appended as exhibits to the 2018 10-K were substantively the same SOX certifications as referenced in ¶ 27, *supra*, signed by the Individual Defendants.

34.     On February 6, 2020, PayPal filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2019 (the "2019 10-K").  The 2019 10-K reported transaction revenues of $16.099 billion and revenues from other value-added services of $1.673 billion for total net revenues of $17.772 billion for 2019.

35.     Additionally, the 2019 10-K contained substantively the same statements as referenced in ¶¶ 23-26, *supra*, asserting the effectiveness of PayPal's disclosure controls and procedures; purporting to advise investors on PayPal's regulatory obligations, attendant risks, and "compliant solutions" to addressing those risks; describing PayPal's remediation efforts following its 2015 Consent Order with the CFPB for its PayPal Credit practices; and downplaying regulations and related issues regarding PayPal's interchange rates.

36.     Appended as exhibits to the 2019 10-K were substantively the same SOX certifications as referenced in ¶ 27, *supra*, signed by the Individual Defendants.

37.     On February 5, 2021, PayPal filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2020 (the "2020 10-K"). The 2020 10-K reported transaction revenues of $19.918 billion and revenues from other value-added services of $1.536 billion for total net revenues of $21.454 billion for 2020.

38.     Additionally, the 2020 10-K contained substantively the same statements as referenced in ¶¶ 23-24 and 26, *supra*, asserting the effectiveness of PayPal's disclosure controls and procedures; purporting to advise investors on PayPal's regulatory obligations, attendant risks, and "compliant solutions" to addressing those risks; and downplaying regulations and related issues regarding PayPal's interchange rates.

39.     Appended as exhibits to the 2020 10-K were substantively the same SOX certifications as referenced in ¶ 27, *supra*, signed by the Individual Defendants.

40.     The statements referenced in ¶¶ 22-39 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.    Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) PayPal had deficient disclosure controls and procedures; (ii) as a result, PayPal's business practices with respect to PayPal Credit remained non-compliant with applicable laws and/or regulations; (iii) PayPal's practices regarding payment of interchange rates related to its debit cards were likewise non-compliant with applicable laws and/or regulations; (iv) accordingly, PayPal's revenues derived from its PayPal Credit and debit card practices were in part the subject of improper conduct and thus unsustainable; (v) all the foregoing subjected the Company to an increased risk of regulatory investigation and enforcement; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**The Truth Emerges**

41.     On July 29, 2021, PayPal filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the second quarter of 2021.  That quarterly report disclosed investigations by the SEC and the CFPB into the Company's PayPal Credit and debit card practices, stating, in relevant part:

> We have received a CID from the CFPB related to the marketing and use of PayPal Credit in connection with certain merchants that provide educational services. The CID requests the production of documents, written reports, and answers to written questions. We are cooperating with the CFPB in connection with this CID.

> We have responded to subpoenas and requests for information received from the [SEC] Enforcement Division . . . relating to whether the interchange rates paid to the bank that issues debit cards bearing our licensed brands were consistent with Regulation II of the Board of Governors of the Federal Reserve System, and to the reporting of marketing fees earned from the Company's branded card program. We are cooperating with the SEC in connection with this investigation.

42.     On this news, PayPal's stock price fell $18.81 per share, or 6.23%, to close at $283.17 per share on July 29, 2021.

43.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

44.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired PayPal securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

45.     The members of the Class are so numerous that joinder of all members is impracticable.   Throughout the Class Period, PayPal securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by PayPal or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

46.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

47.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

48.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of PayPal;

- whether the Individual Defendants caused PayPal to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

- whether the prices of PayPal securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

50. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- PayPal securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold PayPal securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

51. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

52. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v.*

*United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

### COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

53.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

54.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

55.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of PayPal securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire PayPal securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

56.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to

influence the market for PayPal securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about PayPal's finances and business prospects.

57.     By virtue of their positions at PayPal, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

58.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of PayPal, the Individual Defendants had knowledge of the details of PayPal's internal affairs.

59.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of PayPal.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to PayPal's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of PayPal securities was artificially inflated throughout the Class Period.  In ignorance of the adverse

facts concerning PayPal's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired PayPal securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

60.     During the Class Period, PayPal securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of PayPal securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of PayPal securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of PayPal securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

61.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

62.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

63.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64.     During the Class Period, the Individual Defendants participated in the operation and management of PayPal, and conducted and participated, directly and indirectly, in the conduct of PayPal's business affairs.  Because of their senior positions, they knew the adverse non-public information about PayPal's misstatement of income and expenses and false financial statements.

65.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to PayPal's financial condition and results of operations, and to correct promptly any public statements issued by PayPal which had become materially false or misleading.

66.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which PayPal disseminated in the marketplace during the Class Period concerning PayPal's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause PayPal to engage in the wrongful acts complained of herein.  The Individual Defendants, therefore, were "controlling persons" of PayPal within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of PayPal securities.

67.     Each of the Individual Defendants, therefore, acted as a controlling person of PayPal.  By reason of their senior management positions and/or being directors of PayPal, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, PayPal to engage in the unlawful acts and conduct complained of herein.  Each of the Individual

17

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants exercised control over the general operations of PayPal and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

68.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by PayPal.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:  August 20, 2021                    Respectfully submitted,

                                           POMERANTZ LLP

                                           */s/ Jennifer Pafiti*
                                           Jennifer Pafiti (SBN 282790)
                                           1100 Glendon Avenue, 15th Floor
                                           Los Angeles, California 90024
                                           Telephone: (310) 405-7190
                                           jpafiti@pomlaw.com

                                           POMERANTZ LLP
                                           Jeremy A. Lieberman
                                           (*pro hac vice* application forthcoming)
                                           J. Alexander Hood II

(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, ___HUEI - TING   KANG___, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.    I have reviewed a Complaint against PayPal Holdings, Inc. ("PayPal" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.    I did not purchase or acquire PayPal securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired PayPal securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.    The attached sheet lists all of my transactions in PayPal securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed ___Aug. 10. 2021___
        (Date)

_____
(Signature)

___HUEI-TING  KANG___
(Type or Print Name)

**PayPal Holdings, Inc. (PYPL)**                                                    **Huei-Ting Kang**

**List of Purchases and Sales**

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase | 6/23/2021 | 25 | $286.9500 |
| Purchase | 6/23/2021 | 75 | $286.9400 |
| Purchase | 7/8/2021 | 100 | $291.2400 |
| Purchase | 7/23/2021 | 100 | $308.3800 |
| Purchase | 7/27/2021 | 100 | $397.8000 |
| Purchase | 7/27/2021 | 100 | $295.0000 |
| Purchase | 7/28/2021 | 100 | $292.8000 |
| Purchase | 7/28/2021 | 100 | $301.8000 |
| Sale | 7/6/2021 | (100) | $289.8000 |
| Sale | 7/15/2021 | (100) | $296.5500 |
| Sale | 7/28/2021 | (300) | $300.3200 |