# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Consumer Financial Protection Bureau<br><br>Plaintiff,<br><br>v.<br><br>PayPal, Inc., and Bill Me Later, Inc.<br><br>Defendants. | Civil Action No. 1:15-cv-01426 |

**STIPULATED FINAL JUDGMENT AND ORDER**

The Consumer Financial Protection Bureau (Bureau) commenced this civil action on May 19, 2015, to obtain injunctive relief, civil money penalties, and other relief from PayPal, Inc., and Bill Me Later, Inc. The Complaint alleges violations of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1), for unfair, deceptive, and abusive acts and practices in connection with Defendants' offering, marketing, providing, and servicing of its online consumer-credit product known as PayPal Credit, formerly Bill Me Later. The Parties, by and through counsel, request that the Court enter this Stipulated Final Judgment and Order (Order).

**FINDINGS**

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Venue is proper as to all parties in this District.

3.      The Parties agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 3 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 2 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 3 of 20

4.    Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

5.    Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action. Each Party will bear its own costs and expenses, including without limitation attorneys' fees.

6.    Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

7.    "Affected Consumers" includes any consumer identified by the Bureau and Defendants who paid late fees or interest charges between January 1, 2011, and May 1, 2015, except that for item (3) in this Definition, between January 1, 2011, and March 31, 2013, as a result of (1) having opened a PayPal Credit account or been enrolled in PayPal Credit without understanding the account opening or enrollment process, or being confused by that process, (2) having a payment processed through a PayPal Credit account without understanding that he or she was using a PayPal Credit account, or being confused about the use of their PayPal Credit Account, or (3) having incurred deferred interest on an account with multiple contemporaneous deferred-interest promotions because of confusion over the amount he or she needed to pay to avoid deferred-interest charges.

8.    "Board" means PayPal's duly elected and acting Board of Directors.

2

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 4 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 3 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 4 of 20

9.    "Clearly and prominently" means:

A.    In textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the disclosure must be of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background on which it appears;

B.    In communications disseminated orally or through audible means, the disclosure must be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

C.    In communications made through interactive media such as the internet and online services, the disclosure must be readily apparent and presented in a form consistent with the requirements for textual communications; and

D.    In all instances, the disclosure must be presented before the consumer incurs any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

10.    "Consumer financial product or service" has the same meaning set forth in the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5481(5).

11.    "Defendants" means PayPal, Inc., and Bill Me Later, Inc.

12.    "Effective Date" means the date on which this Order is entered on the docket by the Court.

13.    "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegee.

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 5 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 4 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 5 of 20

14.     "PayPal" means PayPal, Inc., and its successors and assigns.

15.     "PayPal Credit" means the online open-end consumer-credit product offered by Defendants, now known as PayPal Credit, formerly Bill Me Later.

16.     "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as alleged in the Complaint.

## ORDER

### I.
### ACCOUNT ENROLLMENT

**IT IS ORDERED** that:

17.     In connection with offering, marketing, or providing PayPal Credit, Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, must take the following actions before enrolling consumers in PayPal Credit or opening a new PayPal Credit account for a consumer:

A.     Clearly and prominently disclose through a method, such as a pop-up box, that PayPal Credit is a line of credit and may be subject to interest and that consumers will receive their billing statements electronically at the email address designated by the consumer. The application process must require consumers to indicate consent by affirmatively electing to enroll in PayPal Credit through a means that is specifically labeled to convey such consent, such as selecting a labeled button. The disclosures must be clear and prominent in relation to any other information provided on the page.

4

B.    Defendants must not set PayPal Credit as the default payment method for any consumer's PayPal account unless that consumer affirmatively consents. To obtain affirmative consent, Defendants must clearly and prominently disclose, through a method, such as a check box, that must be affirmatively selected by the consumer, that the consumer is selecting PayPal Credit as the default payment source for future transactions and provide the consumer with an option to change the default payment source for the consumer's account. The disclosures must be clear and prominent in relation to any other information provided on the page.

## II.
## ACCOUNT USE

**IT IS FURTHER ORDERED** that:

18.    In connection with offering, marketing, or providing PayPal Credit, Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, must, during the checkout process, clearly and prominently provide each consumer with the payment option that will be used for the transaction, and provide the consumer with a way to select a payment option other than PayPal Credit, if available. So long as the consumer is directed to clear and prominent disclosures at selection, this provision shall not prevent a consumer from voluntarily choosing a more streamlined checkout process for future purchases, such as one-click payment. If a consumer chooses another payment option, Defendants must not process the consumer's payment through PayPal Credit.

Case 3:21-cv-06468-CRB Document 71-10 Filed 04/18/22 Page 7 of 20
Case 1:15-cv-01426-RDB Document 9 Filed 08/03/15 Page 6 of 19
Case 1:15-cv-01426-RDB Document 7-1 Filed 05/19/15 Page 7 of 20

## III.
## MARKETING AND PROMOTIONAL OFFERS

**IT IS FURTHER ORDERED** that:

19. In connection with offering, marketing, or providing PayPal Credit, Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, are enjoined and restrained from misrepresenting any material aspect of PayPal Credit, including:

    A.    Any benefits that a consumer will receive from using PayPal Credit and

    B.    The terms and conditions of any promotional offer associated with PayPal Credit, such as deferred interest or money-back offers.

20. With respect to merchants that make promotional offers to consumers who use PayPal Credit, Defendants must ensure that consumers receive the benefit of the promotional offer by honoring the offer made through the merchant or providing other appropriate remediation such that the consumer receives at least the benefit of the promotional offer as represented by the merchant.

## IV.
## PAYMENT PROCESSING

**IT IS FURTHER ORDERED** that:

21. Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with processing payments made by consumers toward their PayPal Credit accounts must:

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 8 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 7 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 8 of 20

A.     Post payments to accounts with the effective date that the payment was received as follows:

    i.     Electronic payments, and payments received over the phone, by 11:59 p.m. Pacific time;

    ii.    Conforming checks, as defined in the PayPal Credit monthly billing statement, will be credited with the date they are received if they are received by 5:00 p.m. Eastern time, otherwise they will be credited with the next day's date; and

    iii.   Non-conforming checks will be credited within the time frame specified in the PayPal Credit monthly billing statement;

B.     Provide a functioning electronic platform for consumers to make payments; and

C.     If Defendants' system for accepting electronic payments is not functional and unavailable to consumers for a period of one hour or more, ensure that consumers with payments due on the day or days when the system is not functional and unavailable, or on any of the following five (5) days, are not required to pay late fees or interest for failure to make timely payments, and provide those consumers with an additional 3 days to make payments, which must be processed and treated by Defendants as timely.

## V.
## BILLING DISPUTES

**IT IS FURTHER ORDERED** that:

22.    Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order,

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 9 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 8 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 9 of 20

whether acting directly or indirectly, in connection with consumer billing disputes related to PayPal Credit accounts must:

A.    Accept billing disputes from consumers in writing and through telephonic or electronic means;

B.    Resolve billing disputes within 2 billing cycles, but no longer than 90 days from receiving a dispute from the consumer;

C.    Issue refunds, credits, and chargebacks, where appropriate, within 2 billing cycles, but no longer than 90 days of receiving a dispute;

D.    Not impose fees or interest on a disputed balance, or send an account to collection as a result of a consumer's failure to pay a disputed balance, while a dispute is pending;

E.    Provide written notification to consumers when billing disputes are resolved;

F.    Maintain and implement standardized procedures for tracking all billing disputes; and

G.    Maintain adequate staff and sufficient systems to effect and sustain full and complete compliance with the provisions of this section.

## VI.
## REDRESS

**IT IS FURTHER ORDERED** that:

23.    Within 10 days of the Effective Date, Defendants must reserve or deposit into a segregated deposit account $15 million, for the purpose of providing redress to Affected Consumers.

24.    Within 60 days of the Effective Date, Defendants must submit to the Enforcement

Director for review and non-objection a comprehensive written plan for providing redress

consistent with this Order (Redress Plan). The Redress Plan must identify Affected Consumers

by category, the number of consumers in each category, the total redress to be paid to

consumers in the category, and the procedures for paying redress to Affected Consumers. The

Enforcement Director will have the discretion to make a determination of non-objection to the

Redress Plan or direct Defendants to revise it. If the Enforcement Director directs the

Defendants to revise the Redress Plan, the Defendants must make the revisions and resubmit

the Redress Plan to the Enforcement Director within 15 days. After receiving notification that

the Enforcement Director has made a determination of non-objection to the Redress Plan, the

Defendants must implement and adhere to the steps, recommendations, deadlines, and

timeframes outlined in the Redress Plan.

25.    Within 90 days from completion of the Redress Plan, Defendants must submit a

Redress Plan Report to the Enforcement Director. The Redress Plan Report must include an

audit and assessment of Defendants' compliance with the terms of the Redress Plan.

26.    After completing the Redress Plan, if the amount of redress provided to Affected

Consumers is less than $15 million, within 30 days of the completion of the Redress Plan,

Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent,

and according to the Bureau's wiring instructions, the difference between the amount of

redress provided to Affected Consumers and $15 million.

27.    If the Bureau determines, in its sole discretion, that additional redress to Affected

Consumers is wholly or partially impracticable or otherwise inappropriate, or if funds remain

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 11 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 10 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 11 of 20

after additional redress is completed, the Bureau may apply any remaining funds for such other equitable relief, including consumer information remedies, as determined to be reasonably related to the violations described in the Complaint. Any funds not used for such equitable relief will be deposited in the U.S. Treasury. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

28.     Defendants may not condition the payment of any redress to any Affected Consumer under this Order on that Affected Consumer waiving any right.

## VII.
## CIVIL MONEY PENALTIES

**IT IS FURTHER ORDERED** that:

29.     Defendants, jointly and severally, must pay a civil money penalty of $10 million to the Bureau.

30.     Within 14 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

31.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

32.     Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

    A.     Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 12 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 11 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 12 of 20

B.      Seek or accept, directly or indirectly, reimbursement or indemnification from any

source, including but not limited to payment made under any insurance policy, with

regard to any civil money penalty paid under this Order.

33.    To preserve the deterrent effect of the civil money penalty in any Related Consumer

Action, Defendants may not argue that they are entitled to, nor may Defendants benefit by, any

offset or reduction of any compensatory monetary remedies imposed in the Related Consumer

Action because of the civil money penalty paid in this action (Penalty Offset). If the court in any

Related Consumer Action grants such a Penalty Offset, Defendants must, within 30 days after

entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the

Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil

money penalty and will not change the amount of the civil money penalty imposed in this

action.

34.    The civil penalty imposed by the Order represents a civil penalty owed to the United

States Government, is not compensation for actual pecuniary loss, and, thus, it is not subject to

discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

**VIII.**
**ADDITIONAL MONETARY PROVISIONS**

**IT IS FURTHER ORDERED** that:

35.    In the event of any default on Defendants' obligations to make payment under this

Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding

amounts not paid from the date of default to the date of payment, and will immediately become

due and payable.

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 13 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 12 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 13 of 20

36.    Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to the Defendants.

37.    Under 31 U.S.C. § 7701, Defendants, unless they have already done so, must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

38.    Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IX.
## ROLE OF THE BOARD

**IT IS FURTHER ORDERED** that:

39.    The Board must review all submissions (including plans, reports, programs, policies, and procedures required by this Order) prior to submission to the Bureau.

40.    Although this Order requires the Defendants to submit certain documents for the review or non-objection by the Enforcement Director, the Board will have the ultimate responsibility for proper and sound management of Defendants and for ensuring that Defendants comply with Federal consumer financial law and this Order.

41.    In each instance that this Order requires the Board to ensure adherence to, or perform certain obligation of Defendants, the Board must:

    A.    Authorize whatever actions are necessary for Defendants to fully comply with the Order;

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 14 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 13 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 14 of 20

B.      Require timely reporting by management to the Board on the status of
compliance obligations; and

C.      Require timely and appropriate corrective action to remedy any material non-
compliance with any failures to comply with Board directives related to this Section.

## X.
## COMPLIANCE PLAN

**IT IS FURTHER ORDERED** that:

42.      Within 60 days of the Effective Date, Defendants must submit to the Enforcement
Director for review and determination of non-objection a comprehensive compliance plan
(Compliance Plan) designed to ensure that Defendants' offering, marketing, and providing of
PayPal Credit complies with the terms of this Order.

43.      The Compliance Plan must include, at a minimum:

A.      Detailed steps for addressing each action required by this Order, including
specifically:

i.      For account enrollment, the timeframes by which Defendants will clearly
and prominently disclose through a method, such as a pop-up box, that PayPal
Credit is a line of credit and may be subject to interest and that consumers will
receive their billing statement electronically at the email address designated by
the consumer;

ii.      For promotional offers, a written description of procedures to ensure that
consumers receive promotions advertised, including promotions advertised
through merchants;

13

iii.     For payment processing, a written description of Defendants' internal

controls and business resiliency plans to mitigate system failures;

iv.     For billing disputes, a written description of procedures to track billing

disputes, provide written notification of resolved billing disputes to consumers,

and ensure adequate personnel and systems to handle billing disputes; and

v.     Specific timeframes and deadlines for implementation of the steps.

B.     The Enforcement Director will have the discretion to make a determination of

non-objection to the Compliance Plan or direct Defendants to revise it. If the

Enforcement Director directs Defendants to revise the Compliance Plan, Defendants

must make the revisions and resubmit the Compliance Plan to the Enforcement Director

within 15 days.

44.     After receiving notification that the Enforcement Director has made a determination of

non-objection to the Compliance Plan, Defendants must implement and adhere to the steps,

recommendations, deadlines, and timeframes outlined in the Compliance Plan.

45.     Any material proposed changes to or deviations from the Compliance Plan must be

submitted in writing to the Enforcement Director to make a determination of non-objection.

## XI.
## REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

46.     Defendants must notify the Bureau of any development that may affect compliance

obligations arising under this Order, including but not limited to a dissolution, assignment,

sale, merger, or other action that would result in the emergence of a successor company; the

creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices

14

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 16 of 20
Case 1:15-cv-01426-RDB    Document 9   Filed 08/03/15   Page 15 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 16 of 20

subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendant; or a change in any Defendant's name or address. Each Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

47.    Defendants must report any change in the information required to be submitted under this Section at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

48.    Within 90 days of the Bureau's non-objection to Defendants' Compliance Plan, Defendants must submit to the Enforcement Director an accurate written compliance progress report (Compliance Report), and again one year after the date of the initial Compliance Report, which, at a minimum:

A.    Describes in detail the manner and form in which Defendants have complied with this Order and

B.    Attaches a copy of each Order Acknowledgment obtained under Section XII, unless previously submitted to the Bureau.

49.    After the one-year period, Defendants must submit to the Enforcement Director additional Compliance Reports within 14 days of receiving a written request from the Bureau.

## XII.
## ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that:

50.    Within 60 days of the Effective Date, each Defendant, for any business for which the Defendant is the majority owner or directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers,

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 17 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 16 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 17 of 20

employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of this Order.

51. For 5 years from the Effective Date, Defendants, for any business for which the Defendant is a majority owner or directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section XI, and any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

52. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 60 days of delivery, from all persons receiving a copy of this Order under this Section.

## XIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that:

53. Defendants must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, as well as all submissions to the Bureau.

54. Defendants must retain the documents identified in this Section for at least 5 years.

55. Defendants must make the documents identified in this Section available to the Bureau upon the Bureau's request.

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 18 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 17 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 18 of 20

## XIV.
## NOTICES

**IT IS FURTHER ORDERED** that:

56.    Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re* PayPal, Inc., No. 2013-0551-02," and send them either:

by overnight courier (not the U.S. Postal Service) and contemporaneously by email, as follows:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1625 I Street, NW
Washington, DC 20006
Enforcement_Compliance@cfpb.gov; or

by first class mail to the below address and contemporaneously by email to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTN: Office of Enforcement
1700 G Street, NW
Washington, DC 20552
Enforcement_Compliance@cfpb.gov.

## XV.
## COOPERATION WITH THE BUREAU

**IT IS FURTHER ORDERED** that:

57.    Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

Case 3:21-cv-06468-CRB   Document 71-10   Filed 04/18/22   Page 19 of 20
Case 1:15-cv-01426-RDB   Document 9   Filed 08/03/15   Page 18 of 19
Case 1:15-cv-01426-RDB   Document 7-1   Filed 05/19/15   Page 19 of 20

58.     Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Defendants must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XVI.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that:

59.     Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested information, which must be made under penalty of perjury, provide sworn testimony, or produce documents.

60.     Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

61.     Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 and other compulsory process.

## XVII.
## RETENTION OF JURISDICTION

62.     The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Case 3:21-cv-06468-CRB    Document 71-10    Filed 04/18/22    Page 20 of 20
Case 1:15-cv-01426-RDB    Document 9    Filed 08/03/15    Page 19 of 19
Case 1:15-cv-01426-RDB    Document 7-1    Filed 05/19/15    Page 20 of 20

## XVIII.
## RELEASE

63.    The Bureau releases and discharges Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. Notwithstanding this release, the Bureau may use the practices alleged in the Complaint in future enforcement actions against Defendants or their affiliates to establish a pattern or practice of violations, or the continuation of a pattern or practice of violations, or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with this Order or to seek penalties for any violations of this Order.

**IT IS SO ORDERED**.

DATED this 20th day of _MAY_____, 2015.

_____
United States District Court

19