Melinda Haag (State Bar No. 132612)
mhaag@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
Facsimile: (202) 204-7383

Daniel Kramer (admitted *pro hac vice*)
dkramer@paulweiss.com
Audra J. Soloway (admitted *pro hac vice*)
asoloway@paulweiss.com
Geoffrey R. Chepiga (admitted *pro hac vice*)
gchepiga@paulweiss.com
Daniel S. Sinnreich (admitted *pro hac vice*)
dsinnreich@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
*PayPal Holdings, Inc., et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HUEI-TING KANG and ARTHUR FLORES, <br><br> Plaintiffs, <br><br> - against - <br><br> PAYPAL HOLDINGS, INC., et al.,, <br><br> Defendants. | Case No. 3:21-cv-06468-CRB <br><br> DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE <br><br> The Honorable Charles R. Breyer |

## Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................................... ii

I.      INTRODUCTION ................................................................................................................ 1

II.     LEGAL STANDARDS ........................................................................................................ 3

III.    ARGUMENT ....................................................................................................................... 3

        A.    Exhibits 5 through 12 Are "Incorporated by Reference" in the Complaint Because They Are Referred to, Relied on, and Quoted Therein ............................ 3

        B.    All Exhibits Are Appropriate for Judicial Notice ..................................................... 4

IV.     CONCLUSION .................................................................................................................... 6

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE – CASE NO. 3:21-CV-06468-CRB

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Azar* v. *Yelp, Inc.*,
2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ....................................................................4, 5

*Brown* v. *Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) ...............................................................................6

*Diaz* v. *Intuit, Inc.*,
2018 WL 2215790 (N.D. Cal. May 15, 2018) .......................................................................3

*Dreiling* v. *Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006) ...............................................................................................5

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) ..............................................................................5, 6

*Garcia* v. *J2 Global, Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) .........................................................................5

*Khoja* v. *Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .............................................................................................3, 4

*McGovney* v. *Aerohive Networks, Inc.*,
2019 WL 8137143 (N.D. Cal. Aug. 7, 2019) ........................................................................3

*Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ..............................................................................................5

*Okla. Firefighters Pension & Ret. Sys.* v. *Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) .......................................................................6

*In re Solarcity Corp. Sec. Litig.*,
274 F. Supp. 3d 972 (N.D. Cal. 2017) ..................................................................................5

*In re Tesla, Inc. Sec. Litig.*,
477 F. Supp. 3d 903 (N.D. Cal. 2020) ..................................................................................4

**Other Authorities**

Fed. R. Evid. 201 .......................................................................................................................3, 5

## I.    Introduction

Defendants PayPal Holdings, Inc., Daniel Schulman, John Rainey, Doug Bland, and Joseph Gallo hereby request judicial notice of publicly available documents and for consideration of documents that are incorporated by reference in the Amended Class Action Complaint ("Complaint").

The documents to be considered are all filings with the United States Securities and Exchange Commission ("SEC"), publicly available news articles, or reports.  All documents are attached as exhibits to the accompanying Declaration of Geoffrey R. Chepiga in Support of Defendants' Motion to Dismiss to the Complaint.  Specifically:

1.    **Exhibit 2**:  Excerpts of PayPal's 10-K for 2016, filed with the SEC on February 8, 2017.

2.    **Exhibit 3**:  Excerpts of PayPal's 10-K for 2021, filed with the SEC on February 3, 2022.

3.    **Exhibit 4:**  PayPal's "Pay Later Messaging Center Program Terms," publicly available on PayPal's website at https://www.paypal.com/us/webapps/mpp/ua/pay-later-messaging-tnc.

4.    **Exhibit 5:**  A report titled "Shadow Student Debt" published by the Student Borrower Protection Center ("SBPC") in July 2020 and publicly available on the SBPC's website ("SBPC Report") at https://protectborrowers.org/shadow-student-debt-report/.

5.    **Exhibit 6:**  A letter sent from the SBPC to PayPal on August 20, 2020, that is publicly available on the SBPC's website ("SPBC Letter") at https://protectborrowers.org/wp-content/uploads/2020/08/PayPal-Credit-letter-Company.pdf.

6.    **Exhibit 7:**  An article by Danielle Douglas-Gabriel titled "Consumer groups alarmed by PayPal's role in education finance want regulators to investigate," that was published by *The Washington Post* on August 21, 2020, and is publicly available at https://www.washingtonpost.com/education/2020/08/21/consumer-groups-alarmed-by-paypals-role-education-finance-want-regulators-investigate/.

- 1 -

7. **Exhibit 8:** An article by Aarthi Swaminathan titled "PayPal cracks down on for-profit 'schools' misrepresenting PayPal Credit," that was published by *Yahoo! Finance* on August 27, 2020, and is publicly available at https://www.yahoo.com/now/pay-pal-credit-for-profit-schools-213858404.html.

8. **Exhibit 9:** A complaint filed on May 19, 2015, captioned *CFPB* v. *PayPal, Inc. and Bill Me Later, Inc.*, No. 1:15-cv-01426 (D. Md.) ("CFPB Action").

9. **Exhibit 10:** A Stipulated Final Judgment and Order ("Consent Order"), filed on August 3, 2015, in the CFPB Action.

10. **Exhibit 11:** A letter emailed from The Clearing House Association ("CHA") to the Federal Reserve on October 23, 2020 ("CHA Letter").

11. **Exhibit 12:** Excerpts from PayPal's 10-Q for 2Q 2021, filed with the SEC on July 29, 2021.

12. **Exhibit 13:** The CHA's "Recent Activities" webpage, as it appeared on December 3, 2020, retrieved through the Internet Archive's Wayback Machine.

13. **Exhibit 14:** The CHA's "Recent Activities" webpage, as it appeared on January 20, 2021, retrieved through the Internet Archive's Wayback Machine.

14. **Exhibit 15:** The Federal Reserve's summary of a meeting between the Federal Reserve and the CHA that took place on December 10, 2020, and is publicly available on the Federal Reserve's website at https://www.federalreserve.gov/regreform/rr-commpublic/tch-meeting-20201210.pdf.

15. **Exhibit 16:** Collection of Forms 4 filed with the SEC for PayPal's President and CEO, Daniel Schulman, between April 27, 2016 and July 28, 2021.

16. **Exhibit 17:** Collection of Forms 4 filed with the SEC for PayPal's CFO, John Rainey, between April 27, 2016 and July 28, 2021.

17. **Exhibit 19:** Excerpts from PayPal's 10-Q for 2Q 2016, filed with the SEC on July 26, 2016.

18. **Exhibit 20:** Excerpts from PayPal's 10-K for 2017, filed with the SEC on February 7, 2018.

19.   **Exhibit 21:** Excerpts from PayPal's 10-K for 2020, filed with the SEC on February 5, 2021.

20.   **Exhibit 22:** Excerpts from PayPal's 10-Q for 1Q 2021, filed with the SEC on May 6, 2021.

## II.   Legal Standards

On a motion to dismiss, a court may consider documents that are incorporated by reference in plaintiff's complaint, or that are proper for judicial notice under Federal Rule of Evidence 201. *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *McGovney* v. *Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja*, 899 F.3d at 1002).

Judicial notice is proper under Federal Rule of Evidence 201 where a fact is "not subject to reasonable dispute," i.e., when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss. *Khoja*, 899 F.3d at 999.  "Publicly accessible websites and news articles are among the proper subjects of judicial notice." *Diaz* v. *Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018).

## III.   Argument

### A.   Exhibits 5 through 12 Are "Incorporated by Reference" in the Complaint Because They Are Referred to, Relied on, and Quoted Therein

The Complaint quotes, references, and relies on the documents attached as Exhibits 5 through 12 to the Chepiga Declaration.

- 3 -

| Exhibit | Description | References |
|---------|-------------|-----------|
| 5 | SBPC Report | Compl. ¶¶ 6, 62 & n.10, 63 |
| 6 | SBPC Letter | Compl. ¶¶ 10, 64–68, 85–86, 88, 136–37, 143, 147–48, 158, 162 |
| 7 | *Washington Post* article | Compl. ¶¶ 85 & n.16, 136, 162 |
| 8 | *Yahoo! Finance* article | Compl. ¶¶ 85 & n.17, 138, 162 |
| 9 | Complaint in CFPB Action | Compl. ¶¶ 39, 52, 72–73 |
| 10 | Consent Order in CFPB Action | Compl. ¶¶ 2, 6–9, 11–13, 38, 39–44, 54, 56, 67, 70, 72–73, 75, 86, 88, 106, 108–10, 116, 119, 122–23, 128–30, 134–35, 137, 140, 143, 153, 154–57, 164, 166, 191, 198, 200 |
| 11 | CHA Letter | Compl. ¶¶ 17, 99, 149, 165 |
| 12 | PayPal's 10-Q for 2Q 2021 | Compl. ¶¶ 19, 151 |

As a result, these documents are incorporated by reference in the Complaint "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The Court is not limited to "only portions of [the] documents" cited in the Complaint. *Id.*; *Azar* v. *Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]ncorporation by reference allows a court to properly consider a document in its entirety if the document is referenced in the complaint.") (alteration and internal quotation marks omitted); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919 (N.D. Cal. 2020) ("[U]nder the doctrine of incorporation by reference, it is proper for a court to consider exhibits submitted with the complaint and documents whose contents are alleged in the complaint when their authenticity is not questioned.").

### B.    All Exhibits Are Appropriate for Judicial Notice

All exhibits attached to the Chepiga Declaration are properly subject to judicial notice. Exhibits 2, 3, 12, and 19 through 22, are public disclosures that PayPal filed with the SEC. Defendants cite these exhibits for the fact that PayPal made the disclosures cited therein. These filings are publicly available and the fact that they were filed is not subject to reasonable dispute. In securities fraud cases, courts routinely take judicial notice of SEC filings. *See, e.g.*, *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler Inv. GMBH* v. *Corinthian*

*Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019).

Exhibits 16 and 17 are cited for the purpose of demonstrating that Defendants Schulman and Rainey increased their holdings of PayPal stock during the purported class period, and that nearly all of their sales were made pursuant to a 10b5-1 plan or to satisfy tax obligations. A Form 4 is filed with the SEC whenever a corporate insider transacts in the company's shares. 17 C.F.R. § 240.16a-3. These filings are publicly available and their content is not subject to reasonable dispute. *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (holding that Forms 4 are judicially noticeable for the purposes of evaluating scienter even when not referenced in pleadings to prove that stock sales were made or were not made); *Yelp*, 2018 WL 6182756, at *4 ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a §10(b) action.").

Exhibits 13 through 15 are publicly available reports or website pages that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). These Exhibits are cited to show *when* the CHA Letter—which Plaintiffs allege was a "corrective disclosure"—became public. Exhibits 13 and 14 show the contents of the "Recent Activities" page of the CHA's public website on December 3, 2020 and January 20, 2021, respectively. These documents were retrieved through the use of the Internet Archive's Wayback Machine (last visited on April 14, 2022). Exhibit 15 is a memorandum by the Federal Reserve summarizing a December 10, 2020 meeting between the CHA and the Federal Reserve, attaching the CHA Letter, that was retrieved from the Federal Reserve's public website. These documents are not being cited for their truth, but instead to show *when* certain information became available on these public websites. These documents are properly subject to judicial notice for this purpose. *See Garcia* v. *J2 Global, Inc.*, 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice at the motion to dismiss stage "of the fact that the information contained in Exhibits 8, 20, and 23 was reported publicly as of the publication date or date portrayed on the Wayback Machine"); *Brown* v. *Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web

pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Exhibit 4 is a document that is publicly available on PayPal's website that sets forth certain terms for merchants who want to offer PayPal Credit's "Pay Later" product on their websites.  The terms merchants must agree to are referred to in paragraph 55 of the Complaint.  Courts routinely take judicial notice of similar company terms and policies that are publicly available on company websites.  *See, e.g.*, *Google LLC*, 525 F. Supp. 3d at 1061 (taking judicial notice, at motion to dismiss stage, of Google's "Terms of Service," Google's "Privacy Policy," and Google's "Chrome Privacy Notice," each of which appeared on "publicly available websites"); *In re Facebook*, 405 F. Supp. 3d at 831 (taking judicial notice at motion to dismiss stage of a "Facebook blog post").[1]

## IV.    Conclusion

The exhibits referenced in this Request for Judicial Notice, attached to the Chepiga Declaration, and cited in Defendants' motion to dismiss are properly before the Court.

---

[1] Exhibits 1 and 18 are demonstratives that summarize information in the Complaint and are also properly before the Court.  Exhibit 1 lists the allegedly misleading statements identified in paragraphs 105–47 of the Complaint.  Exhibit 18 visually depicts the timing and amount of Schulman's and Rainey's PayPal stock sales between July 2, 2019, and July 29, 2021, based on the information provided in charts at paragraphs 167 and 168 of the Complaint.  Because these Exhibits repackage information that is properly before the Court, they may be considered in connection with Defendants' motion to dismiss. *See Okla. Firefighters Pension & Ret. Sys.* v. *Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015).

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE – CASE NO. 3:21-CV-06468-CRB

Dated:  April 18, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Melinda Haag*
Melinda Haag, Esq.
mhaag@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
Facsimile: (202) 204-7383

Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
Geoffrey R. Chepiga (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com
gchepiga@paulweiss.com
dsinnreich@paulweiss.com

*Attorneys for Defendants*
*PayPal Holdings, Inc., et al.*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE – CASE NO. 3:21-CV-06468-CRB