**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone:     (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HUEI-TING KANG and ARThUR FLORES,<br><br>        Plaintiffs,<br><br>  v.<br><br>PAYPAL HOLDINGS, INC., et al.,<br><br>    Defendants. | CASE NO.:  3:21-cv-06468-CRB<br><br>**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>The Hon. Charles R. Breyer<br><br>Date: July 8, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 6 – 17th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................................iii

I.      INTRODUCTION .................................................................................................................1

II.     ARGUMENT..........................................................................................................................2

  A.  Relevant Standards .............................................................................................................2

  B.  The Court Should Not Assume the Truth of Any Information Contained in Documents Incorporated by Reference.................................................................................................3

  C.  The Court Should Not Assume the Truth of Any Disputed Information Contained in Judicially Noticed Documents...........................................................................................5

III.    CONCLUSION .....................................................................................................................6

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Darensburg v. Metro. Transp. Comm'n*,
No. C-05-01597 EDL, 2006 U.S. Dist. LEXIS 97900 (N.D. Cal. Jan. 20, 2006) .................6

*Davis v. Hollins Law*,
25 F. Supp. 3d 1292 (E.D. Cal. 2014).................................................................................6

*Fitzpatrick v. Country Thunder Holdings, LLC*,
No. CV 20-3571-MWF (AGRx), 2020 U.S. Dist. LEXIS 227217
(C.D. Cal. Dec. 2, 2020) ......................................................................................................6

*Gammel v. Hewlett-Packard Co.*,
905 F. Supp. 2d 1052 (C.D. Cal. 2012) ...............................................................................3

*Howard v. Everex Systems, Inc.*,
228 F.3d 1057 (9th Cir. 2000) .............................................................................................5

*In re Tracht Gut, LLC*,
836 F.3d 1146 (9th Cir. 2016) .............................................................................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..................................................................................... *passim*

*Lee v. City of L.A.*,
250 F.3d 668 (9th Cir. 2001) ...............................................................................................2

*Maraldo v. Life Ins. Co. of the Sw.*,
No. 11-CV-4972-YGR, 2012 U.S. Dist. LEXIS 45572 (N.D. Cal. Mar. 30, 2012)...............2

*Miller v. PCM, Inc.*,
No. LACV 17-3364-VAP (KSx), 2018 U.S. Dist. LEXIS 148930
(C.D. Cal. Jan. 3, 2018) .......................................................................................................6

*Scott v. Jayco Inc.*,
No. 1:19-cv-0315 JLT, 2021 U.S. Dist. LEXIS 242660 (E.D. Cal. Dec. 18, 2021)...............6

*Smilovits v. First Solar, Inc.*,
No. CV-12-00555-PHX-DGC, 2012 U.S. Dist. LEXIS 178802 (D. Ariz. Dec. 17, 2012) ....4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)..............................................................................................................2

iii

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................... 5

Fed. R. Civ. P.  12(b)(6) ...................................................................................................... 2

Fed. R. Civ. P. 12(d) ........................................................................................................... 2

Fed. R. Evid. 201 ........................................................................................................... 2, 3

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

## I.    INTRODUCTION

Defendants[1] attach twenty-two exhibits comprising over 350 pages of extraneous material to their Motion to Dismiss (ECF No. 70), requesting this Court consider these exhibits either because the Amended Complaint ("Complaint") incorporates them by reference or because the Court can take judicial notice of the documents.[2] Defendants ask this Court to conjure an alternate universe of facts from the attached materials, and to consider competing inferences. It is improper to consider such inferences at the motion to dismiss stage.

The Ninth Circuit has recently noted, and rejected, a "concerning pattern in securities cases like this one: exploiting [judicial notice] procedures to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Specifically:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. ***Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage.*** Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access***.

*Id.[3] Khoja* concludes that "[i]f defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it

---

[1] Defendants are PayPal Holdings, Inc. ("PayPal" or the "Company"), its Chief Executive Officer Daniel H. Schulman, Chief Financial Officer John Rainey, head of Global Credit Doug Bland, and Director of Communications Joseph Gallo. Plaintiffs cite to Defendants' Supporting Memorandum of Points and Authorities in support of their Motion to Dismiss as "Defs.' Br __."

[2] *See* Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference ("RJN") (ECF No. 72) (citing Declaration of Geoffrey R. Chepiga) (ECF. No. 71) and exhibits thereto (ECF. Nos. 71-1-71-22).

[3] All emphasis is added and all internal quotations and citations are omitted herein unless indicated otherwise.

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.

Defendants do not claim that the Complaint misquotes them or their written public statements, or that further information is required to contextualize the well-pleaded allegations. Defendants' attempt to have this Court consider, what the Ninth Circuit specifically said it may not, must be rejected.

Considered properly, Defendants' exhibits do not undermine the Complaint's well-pleaded allegations and the reasonable inferences that ***must*** be drawn therefrom. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) ("competing inferences" on a Rule 12(b)(6) motion must be "draw[n] from the facts alleged" and accept the truth of complaint allegations). If the Court considers extrinsic evidence for its truth to dispute well-pleaded factual allegations, Defendants' Motion to Dismiss must be converted to one for summary judgment, and Plaintiffs are entitled to full discovery prior to any substantive ruling by this Court on the merits.[4]

## II.    ARGUMENT

### A.    Relevant Standards

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998 (citing *Lee v. City of L. A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

There are two exceptions to this rule. Courts may take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. Courts may not, however, "take judicial notice of *disputed facts* contained in such public records." *Id.* at 999 (citing *Lee*, 250 F.3d at 689); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-

---

[4] Fed. R. Civ. P. 12(d) states that if the court accepts a defendant's presentation in support of its 12(b)(6) motion of "matters outside the pleadings," it "must" treat the motion "as one for summary judgment under Rule 56."

4972-YGR, 2012 U.S. Dist. LEXIS 45572, at *17 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a '*high degree of indisputability*.'") (citation omitted).[5]

Courts may also consider documents under the "incorporation by reference" doctrine, which "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012). However, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage," and "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1014.

### B. The Court Should Not Assume the Truth of Any Information Contained in Documents Incorporated by Reference

To the extent that the Court incorporates any document by reference, it should not assume the *truth* of any disputed facts. The Ninth Circuit recently warned that the "inferences a court may draw from an incorporated document" should "be approached with caution." *Id.* at 1003:

> We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." …. While this is generally true, ***it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint***. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss

---

[5] The second exception "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). "A fact," such as the date a public event occurred, "is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).

phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.")

Any purported truths Defendants ask this Court to infer from their attached documents may not be used to contradict the reasonable inferences drawn from the Complaint's allegations. Indeed, the Complaint specifically alleges that certain statements in the proffered documents are materially false and/or misleading. *See Smilovits v. First Solar, Inc*., No. CV-12-00555-PHX-DGC, 2012 U.S. Dist. LEXIS 178802, at *20 (D. Ariz. Dec. 17, 2012) ("While Defendants dispute the veracity of many of the allegations, factual disputes about specific, plausible allegations are not sufficient to dismiss a claim. Factual allegations and their reasonable inferences are accepted as true at the motion to dismiss stage."). Yet, Defendants misuse these documents to introduce unverified and extraneous matter to support their alternative narrative.  For example, Defendants rely on Exhibit 8 to make representations about the amount of money PayPal derived from its partnerships with predatory for-profit schools. Defs.' Br. at 2 n.3. The Court, however, cannot assume the truth of this information given the false information Gallo fed to *Yahoo! Finance*, and any attempt to minimize violations of the Consent Order by pointing to financial metrics fails.  The Consumer Financial Protection Act does not contain any exceptions that allow violations of federal law based on the amount of revenue derived from the violations.   Defendants would have the Court assume the truth of such uncorroborated information, which is not even attributed to any source, though likely came from Gallo himself, and allow them to baselessly attack Plaintiffs' well-pled allegations from Confidential Witnesses as deficient.

Similarly, the Court should not credit Defendants' claim that the "alleged conduct 'seems to have been nipped in the bud,'" based on parroting statements from Exhibit 8, which again do not attribute the claim to any source, but likely came from Gallo.  Defs.' Br. at 3. These claims are contradicted by the Complaint's allegations.  ¶¶85-88.  Assuming the truth of such information when it serves to only dispute facts in the Complaint is a reversible error. *Khoja*, 899 F.3d at 1003.

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

The PSLRA does not convert Federal Rule of Civil Procedure 12 into a trial-type, papers-only proceeding, and Defendants cannot ask the Court to determine credibility or compare competing inferences of falsity. If the truth of matters asserted in documents incorporated by reference or judicially noticed could be considered, defendants in securities cases could self-immunize their misconduct, a result fundamentally at odds with the purpose underlying the federal securities laws, which is "to substitute a philosophy of full disclosure for the philosophy of *caveat emptor*." *Howard v. Everex Systems, Inc*., 228 F.3d 1057, 1061 (9th Cir. 2000) (emphasis original); *Khoja*, 899 F.3d at 999.

### C. The Court Should Not Assume the Truth of Any Disputed Information Contained in Judicially Noticed Documents

Defendants seek to introduce a host of U.S. Securities and Exchange Commission ("SEC") filings, website pages, and charts on the grounds that they are publicly available information. RJN at 4-6.

To the extent that the Court takes judicial notice of any collateral document, it cannot assume the truth of statements in those documents where "such assumptions only serve to dispute facts stated in [the] well pleaded complaint." *Khoja*, 899 F.3d at 1003. Here, Defendants ask the Court to decide, in direct contravention of *Khoja*, that the Clearing House Association's ("CHA") public comment that caused a drop in the Company's stock price was not in fact disclosed on October 23, 2020. *See* Defs.' Exs. 11, 13, 14 and 15.[6] This claim is inconsistent with the Complaint's allegations and is contradicted by the information available on CHA's website.  *See* Declaration of Brian P. O'Connell, Ex. A. The CHA's website identifies October 23, 2020 as the date that the letter was submitted to the Federal Reserve concerning Regulation II, which debunks the inferences Defendants seek to draw from completely different webpages

---

[6] Plaintiffs also note that Defendants incorrectly refer to their own exhibits on page 6, footnote 5 of their Motion to Dismiss Brief. Exhibit 13 is what Defendants purported to be the Clearing House website on December 3, 2020, and Exhibit 14 is what Defendants purport to be the website on January 20, 2021. Defendants incorrectly referred to Exhibits "12" and "13," respectively.

5

and the Wayback Machine.[7] *Id.* Defendants plainly ask this Court to consider the contents of these exhibits for the truth of the matter asserted, and to consider competing inferences drawn from these documents that contradict the Complaint. This violates the straightforward ruling in *Khoja* that a Court may not do exactly what Defendants suggest the Court should do here. *See Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2006 U.S. Dist. LEXIS 97900, at *7 (N.D. Cal. Jan. 20, 2006) (declining "[d]efendant's invitation to take judicial notice of the complex inferences that [d]efendant would have [the court] draw from the facts contained in those documents" and noting further that, when "factual findings . . . are in dispute, those matters of dispute are not appropriate for judicial notice"). The above documents add nothing to the Complaint's well-pleaded allegations, and the Court should reject Defendants' attempts to introduce their own "alternative facts" at the pleadings stage.

## III.    CONCLUSION

Plaintiffs respectfully submit that their objections to Defendants' RJN be sustained, and that this Court should not draw any contrary inferences from any exhibit that Defendants introduce into the record at this stage. If the Court accepts the contents of these documents as true or otherwise draws inferences therefrom that contradict the Complaint, Plaintiffs respectfully request that the Court convert the motion to dismiss to one for summary judgment, and allow Plaintiffs to conduct discovery prior to any substantive ruling on the merits.

---

[7] The Court can consider that the date identified in Plaintiffs' Exhibit A is October 23, 2020. *See Scott v. Jayco Inc.*, No. 1:19-cv-0315 JLT, 2021 U.S. Dist. LEXIS 242660, at *57 n.8 (E.D. Cal. Dec. 18, 2021) ("[T]he Court takes judicial notice of the admission date of Elana Midda as December 2004, as represented on the website of the State Bar of California."); *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1298 n.5 (E.D. Cal. 2014) (same); *Fitzpatrick v. Country Thunder Holdings, LLC*, No. CV 20-3571-MWF (AGRx), 2020 U.S. Dist. LEXIS 227217, at *4 (C.D. Cal. Dec. 2, 2020) (taking judicial notice of a website url and date stamp which can accurately and readily be determined); *Miller v. PCM, Inc.*, No. LACV 17-3364-VAP (KSx), 2018 U.S. Dist. LEXIS 148930, at *2 n.2 (C.D. Cal. Jan. 3, 2018) (taking judicial notice of a blog post dated May 2, 2017 on its website for that the post was published on May 2, 2017 without expressing any opinion as to the truth of the post's contents).

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

Dated: June 2, 2022

Respectfully submitted,

**POMERANTZ LLP**

By:  */s/ Brian P. O'Connell*
Joshua B. Silverman
Omar Jafri
Brian P. O'Connell (SBN 314318)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
E-mail: jbsilverman@pomlaw.com
         ojafri@pomlaw.com
         boconnell@pomlaw.com

        -and-

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

        -and-

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

        -and-

7

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

**LABATON SUCHAROW LLP**

Michael P. Canty (admitted *pro hac vice*)
Thomas G. Hoffman, Jr. (admitted *pro hac vice*)
David J. Schwartz (admitted *pro hac vice*)
Charles J. Stiene (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0744
Facsimile: (212) 883-7544
E-mail: mcanty@labaton.com
     thoffman@labaton.com
     dschwartz@labaton.com
     cstiene@labaton.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

-and-

**THE ROSEN LAW FIRM, P.A.**

Jacob Goldberg
Leah Heifetz-Li
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
E-mail:  jgoldberg@rosenlegal.com
     lheifetz@rosenlegal.com

-and-

**ROCHE FREEDMAN LLP**

Ivy Ngo
1 SE 3rd Avenue
Suite 1240
Miami, FL
33131
Telephone: (786)-924-2900
Email: ingo@rochefreedman.com

*Additional Counsel for Lead Plaintiffs*

8

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case, and am over eighteen years old. On June 2, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 2, 2022 in Chicago, Illinois.

*/s/ Brian P. O'Connell*
Brian P. O'Connell

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 3:21-CV-06468-CRB