Melinda Haag (State Bar No. 132612)
mhaag@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
Facsimile: (202) 204-7383

Daniel J. Kramer (admitted *pro hac vice*)
dkramer@paulweiss.com
Audra J. Soloway (admitted *pro hac vice*)
asoloway@paulweiss.com
Geoffrey R. Chepiga (admitted *pro hac vice*)
gchepiga@paulweiss.com
Daniel S. Sinnreich (admitted *pro hac vice*)
dsinnreich@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
*PayPal Holdings, Inc., et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| HUEI-TING KANG and ARTHUR FLORES, | Case No. 3:21-cv-06468-CRB |
| Plaintiffs, | DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE |
| - against - | |
| PAYPAL HOLDINGS, INC., et al., | |
| Defendants. | The Honorable Charles R. Breyer |

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND
CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE – CASE NO. 3:21-CV-06468-CRB

## **Table of Contents**

Page

ARGUMENT ...................................................................................................................1

    A.    The Court May Consider Exhibits 5 through 12 Because They Are "Incorporated by Reference" in the Complaint .........................................1

    B.    All Exhibits Are Appropriate for Judicial Notice ....................................3

    C.    The Court May Consider the Exhibits to Defendants' Motion to Dismiss and Should Not Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment ...............................................................................5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpha Venture Cap. Partners LP* v. *Pourhassan*,
   30 F.4th 920 (9th Cir. 2022) ..........................................................................................3

*Azar* v. *Yelp, Inc.*,
   2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ................................................................4

*City of Royal Oak Ret. Sys.* v. *Juniper Networks, Inc.*,
   880 F. Supp. 2d 1045 (N.D. Cal. 2012) .........................................................................4

*Dreiling* v. *Am. Express Co.*,
   458 F.3d 942 (9th Cir. 2006) ..........................................................................................3

*J. K. J.* v. *City of San Diego*,
   17 F.4th 1247 (9th Cir. 2021) .........................................................................................2

*Khoja* v. *Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ..............................................................................1, 2, 3, 6

*In re Leapfrog Enter., Inc. Sec. Litig.*,
   237 F. Supp. 3d 943 (N.D. Cal. 2017) ...........................................................................4

*Letizia* v. *Facebook Inc.*,
   267 F. Supp. 3d 1235 (N.D. Cal. 2017) .........................................................................6

*Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ........................................................................................3

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ........................................................................................3

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ..........................................................................................4

*Soares* v. *Varner*,
   2022 WL 35611 (N.D. Cal. Jan. 4, 2022) ......................................................................2

*In re Tesla, Inc. Sec. Litig.*,
   477 F. Supp. 3d 903 (N.D. Cal. 2020) ...........................................................................6

*In re Tibco Software, Inc.*,
   2006 WL 1469654 (N.D. Cal. May 25, 2006) ................................................................4

Plaintiffs' Response to Defendants' Request for Judicial Notice[1] is full of bluster but no substance.  Plaintiffs do not dispute that *all* of Defendants' proffered exhibits are properly subject to judicial notice.  Nor do Plaintiffs dispute that Exhibits 5–12, which are cited in over *70* separate paragraphs of their own Complaint, are incorporated by reference in the Complaint.  Instead, Plaintiffs ask the Court to avert its eyes from certain language in those documents that Plaintiffs find unhelpful, and not to "draw any contrary inferences" from documents, like SEC filings, that are routinely considered at the motion to dismiss stage.  (Resp. 6.)  Plaintiffs' arguments are contradicted by decades of case law—including cases Plaintiffs themselves cite—and should be rejected.

## ARGUMENT

### A. The Court May Consider Exhibits 5 through 12 Because They Are "Incorporated by Reference" in the Complaint

In the RJN, Defendants asked the Court to consider Exhibits 5–12 under the incorporation-by-reference doctrine because they are referred to, relied on, and quoted throughout the Complaint.  (*See* RJN 3–4.)  Plaintiffs do not dispute that every one of these documents meets the requirements necessary for the document to be incorporated by reference into the Complaint.  (*See* Resp. at 3.)  Thus, the Court may consider these documents as "part of the complaint" and "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018) (quoting *Marder* v. *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  Plaintiffs, however, highlight a narrow exception to this rule and argue that the Court cannot "assume the truth of any information contained" in these documents "if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  (Resp. 3–4 (quoting *Khoja*, 899 F.3d at 1003).)  But this exception does not apply here because Defendants do not ask the Court to make any such assumptions.

---

[1] "RJN" refers to Defendants' Request for Judicial Notice.  "Response" or "Resp." refers to Plaintiffs' Response to Defendants' RJN.  Other abbreviations are the same as in Defendants' motion to dismiss brief ("Br.") and reply brief ("Reply").

- 1 -

**Exhibits 5–7, 9–10, 12.**  As a threshold matter, Plaintiffs' Response does not make any specific argument about—or even mention—Exhibits 5–7, 9–10, or 12.  Plaintiffs have thus waived any objection to the Court's consideration of these materials.  *See Soares* v. *Varner*, 2022 WL 35611, at *2 (N.D. Cal. Jan. 4, 2022) (granting request for judicial notice where plaintiff failed to object to certain documents and "d[id] not dispute the authenticity of any of the records submitted").  In any event, consideration of these materials is proper because Defendants do not cite them to "dispute facts stated in a well-pleaded complaint."  *See Khoja*, 899 F.3d at 1003.

**Exhibits 5–6, 9–12.**  Defendants quote several documents, including Exhibits 5, 6, 9, 10, 11, and 12 simply to apprise the Court of their precise language.  For example, Defendants quote the CFPB Consent Order (Ex. 10) to show what the document says about PayPal's obligations with respect to marketing and promotional offers.  (*E.g.*, Reply at 2.)  To the extent the language quoted in Defendants' brief is inconsistent with Plaintiffs' characterization of the Consent Order, Defendants are not "disput[ing] *facts* stated in a *well-pleaded* complaint," but instead are correcting Plaintiffs' conclusory and inaccurate allegations about the obligations imposed by the Consent Order.  As the Ninth Circuit recently explained in *J. K. J.* v. *City of San Diego*, "where the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true." 17 F.4th 1247, 1254 (9th Cir. 2021) (holding that district court properly considered video evidence that contradicted allegations in complaint where video was cited in complaint) (quotation marks omitted).

Plaintiffs' argument also does not apply to the same exhibits because they are not cited for their "truth."  (Resp. 6.)  For example, Defendants do not ask the Court to "assume the truth" of the CHA letter.  (Ex. 11.)  Defendants are not endorsing the views expressed in the CHA letter about "revising" Regulation II, but instead are drawing the Court's attention to the *language* used in the letter that provides important context for Plaintiffs' allegations.  (*E.g.*, Reply at 5.) This is undoubtedly a proper purpose, particularly because the document is alleged in Plaintiffs' Complaint to be a corrective disclosure.  *See Khoja*, 899 F.3d at 1005 (affirming consideration of article referenced in complaint because it was an alleged corrective disclosure).

- 2 -

**Exhibit 8 (*Yahoo! Finance* article).**  Plaintiffs' only specific challenge to any document incorporated by reference in the Complaint is to a *Yahoo! Finance* article (Ex. 8) titled "PayPal Cracks Down on For-Profit 'Schools' Misrepresenting PayPal Credit."  (Resp. 4.)  This article is quoted throughout the Complaint *and* contains one of the alleged misstatements at issue in this case.  (RJN 4; ¶ 138.)  Plaintiffs ask the Court to assess the veracity of a statement in this document while ignoring its surrounding context.  This is inappropriate.  *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (finding that a document may be "consider[ed] . . . in its entirety" under the incorporation by reference doctrine where Plaintiffs "rel[ied] on portions of it in their complaint").  The doctrine of incorporation by reference specifically "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.  Indeed, the Ninth Circuit in *Khoja* specifically affirmed the district court's decision to consider an article that "formed the basis" of the issuer's purported "scheme to inflate its stock values."  *Id.* at 1004.  The same reasoning supports consideration of Exhibit 8 here.

### B.   All Exhibits Are Appropriate for Judicial Notice

Plaintiffs also do not dispute that every exhibit to the Chepiga Declaration is properly subject to judicial notice.  (*See* Resp. 5–6.)  Instead, Plaintiffs repeat their argument that the Court cannot assume the truth of these documents "where such assumptions only serve to dispute facts stated in [the] well-pleaded complaint."  (*Id.*)

**Exhibits 1–10, 12, and 16–22.**  Plaintiffs do not even mention Exhibits 1–10, 12, and 16–22, and have waived any objection to Defendants' arguments about why the Court can properly consider those documents.  *Supra* 1–2.  In any event, the Ninth Circuit itself has repeatedly held that SEC filings, such as Exhibits 2–3, 12, 16–17, and 19–22, are properly subject to judicial notice.  *See Alpha Venture Cap. Partners LP* v. *Pourhassan*, 30 F.4th 920, 924 (9th Cir. 2022) ("We may consider documents referred to in the complaint or any matter subject to judicial notice, including SEC filings."); *accord Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7

- 3 -

(9th Cir. 2008).  And Plaintiffs do not dispute that courts routinely take judicial notice of the other documents attached to the Chepiga Declaration, including website pages (RJN 5–6) and demonstratives summarizing information in a complaint (RJN 6 n.1).

**Exhibits 16–17 (Forms 4).**  To the extent Plaintiffs argue that the Court cannot consider the contents of Forms 4 (Exs. 16–17), which Defendants cite to provide details about Dan Schulman's and John Rainey's stock sales and acquisitions, Plaintiffs are wrong.  (*See* Opp. 12 n.7.)  The Ninth Circuit has explicitly rejected this argument and held that Forms 4 are incorporated by reference in a complaint and can be considered for their truth where plaintiffs rely on stock sale allegations to support an inference of scienter.  *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded by statute on other grounds as recognized in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).  In *Silicon Graphics*, the court held that this was proper even where the complaint did not explicitly refer to the Forms 4 because the plaintiff "state[d] that her allegations are based in part on a review of [defendant's] SEC filings, and she clearly gleaned from the SEC Form 3 and 4 filings many of the facts regarding the officers' stock sales."  *Id.*; *accord City of Royal Oak Ret. Sys.* v. *Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of stock transactions in Forms 4 because "although Plaintiffs do not explicitly refer to [officers'] Forms 4 in the Amended Complaint, Plaintiffs' scienter and insider trading allegations do rely expressly on [officers'] stock sales, which is information disclosed to the public through [officers'] Forms 4 filed with the SEC").[2]  Here, as in *Silicon Graphics*, Plaintiffs rely on Defendants' SEC filings (Compl. p.1) and plead facts about officers' stock sales to support their theory of scienter (¶¶ 166–168).  The Court may therefore consider the transactions reflected in the Forms 4,

---

[2] *See also Azar* v. *Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (taking notice of transactions in Forms 4 because doing so was "congruent with the requirement that we consider plausible nonculpable explanations for the defendants' conduct" when assessing scienter); *In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952 (N.D. Cal. 2017) (taking judicial notice of "individual defendants' stock purchases" over plaintiffs' objections); *In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) ("[A] court may take judicial notice of Forms 4 filed with the SEC, which are deemed incorporated by reference into a complaint when a plaintiff's allegations rely on a defendant's stock sales.").

- 4 -

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE – CASE NO. 3:21-CV-06468-CRB

including the "officer's vested stock options," when "evaluating the suspiciousness of their stock sales." *Silicon Graphics*, 183 F.3d at 986–87.

**Exhibits 13–15 (timing of CHA letter publication).**  Plaintiffs raise concerns about Exhibits 13–15, which concern publication of the CHA letter, and argue that "Defendants plainly ask this Court to consider the contents of these exhibits for the truth of the matter asserted." (Resp. 5–6.)  That is false.  Defendants do not cite these public documents for their *truth*. Defendants cite these documents solely to show *when* information on these websites became publicly available.  (RJN 5–6.)[3]  Plaintiffs offer no response to Defendants' cases holding that courts may take judicial notice of documents for precisely this purpose.  (*See id.*)  Incredibly, and ironically, *Plaintiffs themselves* argue that the Court can take judicial notice of the "date identified" in *their exhibit* for the purpose of showing when the document was "published." (Resp. 6 n.7 (collecting cases).)

Plaintiffs also blatantly mischaracterize what their own documents show about the date on which the CHA letter was publicly released.  Plaintiffs attach as an exhibit to their Response a webpage from the CHA website as of "May 31, 2022" (O'Connell Decl. ¶ 3 & Ex. A), which "identifies October 23, 2020 as the date that the letter was submitted to the Federal Reserve." (Resp. 5.)  But the CHA letter was submitted "via email" (Ex. 11 at 1; *see* Br. 6), and this exhibit does not in any way contradict Defendants' exhibits showing that the CHA letter was not *publicly available* until December 2020 at the earliest.  (Exs. 13–15; *see* Br. 6 & n.5.)

**C.    The Court May Consider the Exhibits to Defendants' Motion to Dismiss and Should Not Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment**

In their Response, Plaintiffs argue that the Court must convert Defendants' motion to dismiss into a motion for summary judgment if Plaintiffs' objections to the RJN are not sustained.  (Resp. 2, 6.)  Plaintiffs ignore the well-established case law of the Ninth Circuit. Indeed, Plaintiffs' own key case recognizes that, in assessing securities fraud claims under a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources

---

[3] Plaintiffs cannot now complain that some of these documents are from the Wayback Machine, as Plaintiffs themselves explicitly relied on the Wayback Machine in drafting the Complaint. (¶ 67 n.13.)

- 5 -

courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Khoja*, 899 F.3d at 998 (quoting *Tellabs, Inc.* v. *Makpor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Thus, a court may consider "documents incorporated by reference in the complaint[] or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Letizia* v. *Facebook Inc.*, 267 F. Supp. 3d 1235, 1241 (N.D. Cal. 2017); *see Khoja*, 899 F.3d at 999 ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919–20 (N.D. Cal. 2020). Defendants' RJN should be granted and Plaintiffs' request to convert the motion to dismiss should be denied because all of Defendants' proffered exhibits are incorporated by reference or involve matters of judicial notice.

- 6 -

Dated:  July 5, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Melinda Haag*

Melinda Haag, Esq.
mhaag@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
Facsimile: (202) 204-7383

Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
Geoffrey R. Chepiga (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com
gchepiga@paulweiss.com
dsinnreich@paulweiss.com

*Attorneys for Defendants*
*PayPal Holdings, Inc., et al.*

- 7 -